SANTO DI BIASE *vs.* LOUIS MOULTON.

Cumberland County. Decided March 29, 1924. Action to recover damages for depositing poison by defendant, whereby plaintiff's cow ate the same and was thereby sickened and died. The verdict was for defendant and plaintiff moves for new trial on the customary grounds. The issues were questions of fact upon which the verdict is founded and after careful examination of the record we cannot say, under well-established rules, that the verdict should be disturbed. Motion overruled. *Angelo J. Urbano and Harry E. Nixon,* for plaintiff. *Henry C. Sullivan,* for defendant.

---

ALBERT L. JELLEY

*vs.*

ANDROSCOGGIN AND KENNEBEC RAILWAY COMPANY.

Kennebec County. Decided March 31, 1924. Action on the case for damages to plaintiff's automobile. The jury returned a verdict for $812.50. The case is before the court on defendant's general motion and exceptions.

About midnight on August 29th, 1923, the electric car of defendant company came into collision with the automobile of the plaintiff at a point on its track one mile north of Gardiner. The highway between Gardiner and Hallowell was, at the time, under construction, and closed to traffic. At the Farmingdale line, the next town north of Gardiner, a barrier extended across the street, at a point where a detour, through Northern Avenue, turned off to the left. This barrier was comprised of two horses, a plank and sleepers laid on the ground. The barrier was lighted by lanterns at night, and bore two signs, one stating that the road was under construction and closed to traffic, the other, a detour sign with an arrow pointing to said Northern Avenue, which was near at hand, with a street light covering the above-named objects and location. South of the

barrier was another detour sign.  The upper end of the road was closed in a somewhat similar manner.  Plaintiff belonged in Nashua, N. H.  He arrived in Gardiner from Portland at about midnight, and proceeded north towards Hallowell.  Before reaching the barrier he saw a detour sign.  He states that he made some effort to find the detour, and then proceeded on past the detour sign.  He then came to the barrier in the road, at Northern Avenue, where the detour road was visible at his left.  He saw the sign on the barrier at this point, but passed by the barrier on to the road then under construction without reading the words on the sign.  He at once encountered rough and heavy wheeling and after progressing a half mile or so came to a stranded car, which he says he could not pass in the limits of the traveled road, and therefore directed his car over one rail of defendant's car line and passed along some distance on the track until he came to a rough portion of the track from which he was unable to emerge.  He was stalled on the defendant's car line, through no fault of the defendant.  ⸰ This is very clear from the plaintiff's own testimony.  It is equally clear that the plaintiff was not exercising due care when he passed the barrier without reading the warning on the sign.

The plaintiff testified that, finding himself "in a predicament," he sought to find a plank or other means to aid in removing his car to the traveled way, and was thus engaged when he discerned defendant's car coming down the grade toward him.  He then ran forward sixty or sixty-five feet, waving his hands at the approaching car.  He was asked: "Q.—Why didn't you go back further than you did?  A.—I presumed they would not take my signals."  He testified also that there was no decrease in the speed of the car before the collision.  It had been raining and was foggy.  The motorman testified that on approaching the scene of the accident, he was standing in his proper place and "looking ahead all of the time"; that he saw first the reflection of his headlight on the back window of the automobile, and applied the emergency brake as soon as he noticed it, after which he saw a man "standing right near the rail, the rail next to the road, and 18 or 20 feet from his car, waving both hands."  The motorman says the plaintiff stated as a reason for not going back further to flag the electric car, that he thought he could see him in time to stop.  This is substantially as testified by the plaintiff.  The record shows that the motorman was standing

at his post, alone; the car had an open vestibule; the motorman was in plain view of the conductor and passengers; that on seeing the automobile on the track ahead the motorman exclaimed "Just look at that," and put on the emergency brakes; that when he saw the plaintiff the car was about one hundred and twenty to one hundred and twenty-five feet distant from the point where the plaintiff was standing. The conductor and passengers corroborate the motorman in all important particulars.

The case shows a street light between the stalled automobile and the defendant's car, a fixed light facing an approaching car light, both lights subject to the effects of a very recent rainfall and a then present heavy fog or mist. We have examined the record with care, and we are convinced that the plaintiff has failed to establish either his own due care, or the negligence of the defendant. The jury erred in finding otherwise. The evidence for the plaintiff, and particularly the testimony of the plaintiff himself, fails signally to establish these essential propositions. As to the rule of the last clear chance, invoked by the plaintiff, the testimony of defendant is ample, and the fact that the plaintiff went back but sixty or sixty-five feet to give warning to the approaching car on a night like the one in question, tends to corroborate the same, that the motorman on defendant's car acted promptly as soon as he knew, or in the exercise of due care should have known, that plaintiff's car was on the defendant's car line. There is nothing in the evidence to support any other theory, and no facts proved from which any other inference could legally be drawn.

A review of the case impels the conclusion that the verdict of the jury is manifestly wrong. The motion for a new trial must be sustained. It is unnecessary to consider the exceptions. Motion sustained. Verdict set aside. New trial granted. *Beane & Beane,* for plaintiff. *Andrews, Nelson & Gardiner,* for defendant.

---

EDWARD H. MARTIN *vs.* FRED E. ELDRIDGE ET AL.

Penobscot County. Decided April 5, 1924. An action to recover for personal injuries received by falling through an open trap-door into the basement of a potato house owned by the defendants and